UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 06-80013
CIV - HURLEY
HOPKINS

ARTHUR KAUFMAN,
        Plaintiff,
v.

DANA KAUFMAN,
        Defendant
_____/



**DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

    COMES NOW, the Defendant, Dana Kaufman, by and through the undersigned Counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure files this Motion to Dismiss with Prejudice and Memorandum of Law in Support Thereof as grounds would state:

    1.    The Plaintiff filed a Complaint, alleging violation of his constitutional rights and claiming damages of One Hundred Thousand ($100,000.00) Dollars.

    2.    The Plaintiff, Arthur Kaufman, alleges a violation of his civil rights and constitutional rights by a private individual, the Defendant, Dana Kaufman.[1]

    3.    The Plaintiff alleges that the Defendant's filing for Injunctive Relief and the filing of police reports resulted in the deprivation of his rights under §1983, the Fourteenth Amendment, the Second Amendment, and the Fourth Amendment.[2]

---

[1] The parties have the same surname, i.e., Kaufman, however the parties are not related.

[2] The Plaintiff has filed an action in the Fifteenth Judicial Circuit against this same Defendant arising out of the same alleged actions, Case Number 50 2005 CA003147 MB AH.

Page 1 of 6



4. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant moves this Court to Dismiss the action with prejudice as the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

5. Rule 12(b)(6) tests the sufficiency of a complaint and eliminates complaints that fail to state a claim upon which relief can be granted, where as in the instant case it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. Palmer ex rel. Palmer v. Santa Rosa County, Fla. School Bd., 2005 WL 3338724 (N.D. Fla. 2005.) citing, Conley v. Gibson, 355 U.S. 41, 45-46, (1957).

6. The Plaintiff has filed this action against a ***private party*** asserting a violation of 42 U.S.C. § 1983 and alleging deprivation of his rights pursuant to the Fourteenth Amendment, the Second Amendment and the Fourth Amendment, therefore, this action must be dismissed with prejudice as private conduct as alleged in the complaint is excluded from the reach of §1983.

7. To proceed under §1983, the Plaintiff must establish that the alleged acts deprived him of his rights secured under the Constitution or laws of the United States ***and*** that said deprivation was committed under color of state law. 42 U.S.C.A. §1983; Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir 2003).

8. The requirement of §1983 that the Defendant acted "under the color of state law" is identical to the requirements of state action under the Fourteenth Amendment. Cox v. Florida Institute for Neurological Rehabilitation, Inc., 2003 WL 21544197 (S. D. Fla. 2003) citing, Rendell-Baker v. Kohn, 457 U.S. 830, 837-38 (1982).

---

The Plaintiff filed the action on or about April 1, 2005 and the action is currently pending.

9.    The Plaintiff's claimed deprivation of his Fourteenth Amendment rights is based upon his assertion that during the few days[3] that the Defendant's temporary restraining order was in effect he was deprived:

(a) of his right to be free from unlawful constraint in that he was restrained from going within 500 feet of the Defendant's residence and place of employment; (paragraph 13 of the Complaint); and

(b) of his liberty in that he was restrained from coming within 100 feet of the Defendant's automobile (paragraph 14 of the Complaint).

10.   The Plaintiff fails to allege a cause of action for deprivation of his Fourteenth Amendment protections in that he does not allege **any** violation of due process. The Plaintiff cannot allege a deprivation of due process as he was afforded due process by the two day trial that took place on May 5, 2005 and May 6, 2005.

11.   The protections afforded by the Fourteenth Amendment as to life, liberty and property without due process of law, do not protect one citizen as against another. United States v. Crukshank, 92 U.S. 542, 552 (1875).

12.   The Plaintiff's claim as to an alleged deprivation of Fourteenth Amendment rights must be dismissed in that the alleged acts set forth in the complaint are of a private party, not state action and were not performed under color of law.

---

[3] Ten (10) days from the entry of the ex parte order and three (3) days from the date of service until the entry of the order denying an extension of the Defendant's restraining order.

13. The Plaintiff alleges that the Defendant deprived him of his right to "bear arms" pursuant to the Second Amendment. The Plaintiff's claims that he was deprived of his Second Amendment right to "bear arms" is clearly and wholly improper.

14. The Plaintiff's claim as to a deprivation of his Second Amendment right to bear arms is defective and must fail in that the Plaintiff fails to allege that he even owns a gun or firearm and more significantly that his possession of a gun or firearm bore a reasonable relationship to a "well regulated militia." United States v. Wright, 117 F.3d 1265, 1273 (11th Cir. 1997). citing, United States v. Miller, 307 U.S. 174 (1939); United States v. Hale, 978 F.2d 1016, 1020 (8th Cir.1992); see also, United states v. Chavez, 204 F.3d 1305, 1313 (11th Cir. 2000).

15. The Plaintiff's claim as to an alleged deprivation of his Second Amendment right to bear arms, is defective and must be dismissed with prejudice in that the allegations as complained of arise out of the actions of a private party, not an alleged infringement by Congress. United States v. Crukshank, 92 U.S. 542, 552 (1875).

16. The Plaintiff alleges in paragraph 23 (d) of the Complaint that the acts on the part of the Defendant deprived him of rights pursuant to the Fourth Amendment.

17. The Plaintiff does not allege that the Defendant conducted a search or a seizure, but asserts claims as to the right to be free from malicious prosecution and abuse of process. Neither Malicious Prosecution nor Abuse of Process are addressed anywhere in the Fourth Amendment.

18. The Plaintiff's's Fourth Amendment claim must be dismissed with prejudice in that the allegations arise out of the actions of a private party, not a state action and not under

color of law. Alleged wrongdoings related to search and seizure by a private person are not protected by the Fourth Amendment unless the defendants was acting as an instrument or agent of the government. United States v. Mosley, 2005 WL 2756247 (M.D.Fla. 2005). The Fourth Amendment applies only to governmental action and not acts of a private individual. United States v Ford , 765 F.2d 1088, 1090 (11th Cir 1985).

19. The cornerstone of the allegations set forth by the Plaintiff is the Defendant's filing a Petition for an Injunction in state court. The filing of a law suit or obtaining judicial relief does not give rise to state action or equate to acting under the color of law. Cobb v. Georgia Power Company, 757 F.2d. 1248, 1251 (11th Cir 1985); Cosio v. Alvarez, 2005 WL 248467 (M.D. Fla 2005); Dahl v. Akin, 630 F.2d. 277 (5thCir. 1980).

20. The express language as set forth by the Plaintiff in paragraph 23 of the Complaint states the purported wrongdoing by the Defendant, to wit, *alleged* false statement made by the Defendant, i.e., private conduct by the Defendant.

21. Further, the issuance of the temporary ex parte protective order is not volatile of the Plaintiff's due process rights or his "right to bear arms." United States v. Hamm, 134 Fed Apprx. 328, 330(11th Cir 2995).

22. Based upon the above the Defendant asserts that Plaintiff cannot support a claim for relief and for the reasons as set forth herein, the Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, the Defendant, respectfully requests that this Court:

a. Dismiss the Complaint with prejudice;

b.  Grant any other relief deemed fair and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a Copy of the Foregoing Motion to Dismiss was furnished by U.S. Mail to the Plaintiff, ARTHUR KAUFMAN 8171 Nadmar Avenue Boca Raton, FL 33434 and also by fax to (561) 852-9001 on this 31st Day of January, 2006.

CATHY L. PURVIS LIVELY, ESQUIRE, P.A.
3900 Woodlake Blvd. #211
Lake Worth, FL 33463
561-649-2204
Fax: 561-649-8335

CATHY L. PURVIS LIVELY, ESQ.
FLORIDA BAR NO.: 0055395