UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-80013
CIV - HURLEY
HOPKINS

ARTHUR KAUFMAN,

        Plaintiff,

and

DANA KAUFMAN,

        Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE AND MEMORANDUM OF LAW IN OPPOSITION THERETO

Plaintiff, Arthur Kaufman does hereby file this Response to Defendant's Motion to Dismiss with Prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, saying:

1. Plaintiff filed this action against Defendant alleging a violation against Dana Kaufman, who is a private individual.

2. Plaintiff alleges sufficiently in his complaint that the Defendant, Dana Kaufman under color of Florida State law procedure provided in Florida Statutes Chapter 784.046, did abrogate the rights of Plaintiff in having issued a Temporary Injunction against the Plaintiff.

3. In deciding a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. Lapar v. Potter, 395 F. Supp. 2d 1152, (M.D. Fla 2005) referencing Magluta v. Samples 375 F.3d 1269, 1273 (11th Cir. 2004).[1]

---

[1] Defendant wrongfully states in Footnote 2 to her motion that there is a pending action arising out of the same alleged actions in this Federal action. There is a pending state action filed by this Plaintiff against the Defendant for slander and intentional infliction of emotional distress for other actions of the Defendant against this Plaintiff. This state court action does not assert any claim for the actions and resulting injuries caused by the Defendant's actions under provisions of Florida Statutes Chapter 784.046.

4. A Motion to Dismiss focuses on the face of the complaint and no other materials. United States v. Gaubert 499 U.S. 315, 327, 111 S. Ct. 1267. 1276. 113 L.Ed. 2d 335 (1991).

5. In deciding a Motion to Dismiss, all reasonable inferences must be decided in favor of the non movant. United States v. Gaubert 499 U.S. 315, 327, 111 S. Ct. 1267. 1276. 113 L.Ed. 2d 335 (1991).

6. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Marsh v. Butler County Commission, 268 F. 3d 1014, at 1022 (11th Cir. 2001)(en banc)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

7. The Plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim" Conley, 355 U.S. 41, at 47, 78 S.Ct. 99.

8. To state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure merely requires " 'a short and plain statement for the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Arnold v. Board of Education of Escambia County, Alabama 880 F.2d 305 at 309 (11th Cir. 1989), citing Conley, 355 U.S. 41, at 47, 78 S.Ct. At 101.

9. The issue in a Federal Rules of Civil Procedure Motion to Dismiss is not whether the plaintiff will ultimately prevail on his or her claim, but rather whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Lapar, 395 F. Supp. 2d at 1155, citing Jackam V. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11Cir.1986).

10. Plaintiff asserts in his complaint that the defendant in this action is an individual who acted under color of Florida State law to deprive plaintiff of his various civil rights.

11. "State action is shown if (1) 'the deprivation was caused by the exercise of some right or privilege created by the State..." Goussis v. Kimball 813 F. Supp. 352, 356 (E.D. PA 1993) quoting Lugar v. Edmondson Oil Co. Inc., 457 U.S. 922, 937, 102 S. Ct. 2744, 2754, 73 L.Ed.2d 482 (1982).

12. Defendant in this matter wrongfully exercised a right or privilege created under Florida State law section 784.046 to deprive Plaintiff of his civil rights.

13. The allegations of the complaint allege that the use of this statute by Defendant comprises more than mere private action.

14. The allegations of facts regarding due process recited by the Defendant in their motion are inaccurate and should not be considered by the court in this Motion. There exist facts of other actions of the Defendant that deprived Plaintiff of due process which are not alleged in detail in the complaint due to Plaintiff's desire to comply with Rule 8 of the Federal Rules of Civil Procedure.

15. There are factual bases upon which discoverable evidence can commence and as such the Defendants Motion should be denied.

WHEREFORE, Plaintiff requests that the Court dismiss the Motion of Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was faxed and mailed to CATHY PURVIS LIVELY, 3900 Woodlake Boulevard, #211, Lake Worth, Florida 33463, Counsel for the Defendant on February 14, 2006.

Arthur Kaufman, Plaintiff Pro Se
8171 Nadmar Avenue
Boca Raton, Florida
Tel. (561) 451-9000
Fax: (561) 852-9001